IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Chris Jeter, #244040, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 4:06-424-HMH-TER |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| William White, Warden of Broad River Correctional Institution; and Henry McMaster, Attorney General of the State of South Carolina, | ) ) ) ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court with the Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC.[1] Chris Jeter ("Jeter") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. Magistrate Judge Thomas E. Rogers, III, recommends dismissing the petition as successive under 28 U.S.C. § 2244(b). Jeter filed objections to the Report and Recommendation as well as a "Motion for Default." (Pet'r's Mot. Def. 1.) For the reasons stated below, the court adopts the Report and Recommendation, dismisses Jeter's petition, and dismisses Jeter's Motion for Default.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Jeter is currently incarcerated at the Broad River Correctional Institution. Jeter was convicted in a jury trial on September 16, 1997, of distribution of crack cocaine and for

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (West Supp. 2005).

1

distribution within proximity of a school. That same day, the Honorable Joseph J. Watson sentenced Jeter to thirty (30) years' imprisonment for distribution and ten (10) years, consecutive, on the proximity charge.

Jeter appealed, and his conviction was affirmed by the South Carolina Court of Appeals on November 17, 1998. State v. Jeter, Op. No. 98-UP-506 (S.C. Ct. App. filed Nov. 17, 1998) (unpublished). Jeter filed an application for post-conviction relief ("PCR") on January 26, 1999, alleging that his rights under the United States Constitution had been violated due to ineffective assistance by his counsel in his criminal trial. After an evidentiary hearing, the court issued an order denying relief on September 28, 2000. Jeter appealed the denial of his application by filing a petition for a writ of certiorari with the Supreme Court of South Carolina on March 5, 2001. The Supreme Court denied the petition on December 13, 2001. Jeter filed a second application for PCR on February 14, 2002, which was denied as successive and untimely by the court on April 28, 2004. Again he attempted to appeal by filing a petition for a writ of certiorari with the Supreme Court of South Carolina, and the court denied his petition on December 14, 2005. Jeter filed the instant § 2254 petition on February 17, 2006.

## II. DISCUSSION OF THE LAW

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Jeter raises two specific objections: (1) the court's finding that his first petition was barred by the statute of limitations was not an adjudication on the merits such that the instant petition is successive; and (2) the claims raised in the instant petition differ from those raised in the first petition and could not have been raised in the first petition because the state remedies available to Jeter with respect to the instant claims had not yet been exhausted. (§ 2254 Pet. 5-9.) Both objections are conclusively without merit.

"Dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction second or successive petitions under § 2244(b)." Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005) (internal quotation marks omitted). Because the instant petition is successive, this court is without jurisdiction to entertain Jeter's petition unless and until Jeter obtains pre-filing authorization to proceed. See United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

Further, Jeter's second objection does not salvage his petition such that he can proceed. Jeter argues that, before he brought the first § 2254 petition, he attempted to exhaust the state remedies available to him by collaterally attacking his conviction via PCR proceedings in the Court of Common Pleas of South Carolina. (§ 2254 Pet. 3.) Jeter now argues that one of the claims he raised in his PCR application was never ruled upon by the PCR court, and that his PCR counsel was ineffective for failing to move the PCR court to amend its order of dismissal to include the omitted claim. (Id. 5.) Moreover, Jeter argues that, when he appealed the denial and dismissal of his PCR application, his counsel on appeal was ineffective for not raising the omitted

3

claim and that a subject matter jurisdiction problem arose because the PCR court never addressed the omitted claim. (Id.)

Jeter argues that he did not raise the omitted claim in his initial § 2254 petition because he had to exhaust the state remedies as to that claim before bringing it. Jeter's position is without merit, as Jeter was required to bring all of the arguments that he had to collaterally attack his conviction and sentence in the first § 2254 petition. See McCleskey v. Zant, 499 U.S. 467, 489 (1991) ("[A] petitioner can abuse the writ [of habeas corpus] by raising a claim in a subsequent petition that he could have raised in the first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice.") In any event, Jeter has not obtained authorization from the United States Court of Appeals for the Fourth Circuit to proceed on a second or successive § 2254 petition, so he may not pursue these claims in this court. Therefore, after a thorough review of the record and the applicable law, the court adopts the Report and Recommendation and summarily dismisses the petition as successive.

It is therefore

**ORDERED** that Jeter's § 2254 petition is dismissed. It is further

**ORDERED** that Jeter's Motion for Order of Default is dismissed as moot.

**IT IS SO ORDERED**.

                                                         s/Henry M. Herlong, Jr.
                                                         United States District Judge

Greenville, South Carolina
May 19, 2006

**NOTICE OF RIGHT TO APPEAL**

The petitioner is hereby notified of his right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.